■ RONALD FERGUSON et al., Respondents, v MERIDIAN DISTRIBUTION SERVICES, INC., et al., Appellants.—In an action, inter alia, to recover damages for breach of an employment contract, the defendants appeal from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated June 19, 1990, as denied their motion for partial summary judgment dismissing the eighth cause of action asserted in the

complaint and granted the plaintiffs' cross motion for partial summary judgment on that cause of action with respect to the defendants' liability for damages to the plaintiffs in their capacity as corporate officers.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the plaintiffs' cross motion for partial summary judgment on the eighth cause of action and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In June 1984 a corporation was formed in which the plaintiffs Ronald and Arthur Ferguson acquired 40% of the shares and the defendants Raymond and Robert Cerchione acquired 60% of the shares. Ronald and Arthur Ferguson were named secretary and vice-president respectively, and Raymond and Robert Cerchione were named treasurer and president respectively; all of them were named directors of the corporation. In addition, the plaintiffs entered into an employment agreement for one year pursuant to which they served as managers at a facility run by the corporation. The agreement was automatically renewable each year unless terminated upon 30 days notice. Termination of the employment agreement would have a far-reaching effect, for under a shareholders' agreement, termination of employment triggered redemption of stock procedures. In letters dated November 2, 1987, Robert Cerchione notified the plaintiffs that their employment was terminated effective December 31, 1987.

Thereafter, the plaintiffs brought this action alleging, *inter alia,* wrongful diversion of corporate assets and defamation. In the eighth cause of action, the plaintiffs sought damages for the termination of their employment with the defendant corporation, and their removal as officers and directors. Both parties moved for summary judgment on that cause of action. The court granted the plaintiffs partial summary judgment on the issue of the "liability for damages owed the plaintiffs in their capacity as corporate officers".

We find that questions of fact exist that preclude summary judgment. The present record does not fully explain the overlapping nature of the parties' relationships. It is unclear from the agreements and the by-laws whether Robert Cerchione, as president, could unilaterally terminate the plaintiffs' employment. Nor is it clear what effect the termination of employment would have on the plaintiffs' roles as officers and directors of the corporation. These overlapping and inter-

woven questions can only be resolved after the record has been fully developed at a trial (see, CPLR 3212 [b]). Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.